Prospect Park Borough, Appellant, *v.* McClaskey.

Argued November 16, 1942.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, RHODES, HIRT and KENWORTHEY, JJ.

*Robert F. Jackson,* for appellant.

*Donald H. Hamilton,* with him *Edw. D. McLaughlin,* for appellee.

OPINION BY STADTFELD, J., February 1, 1943:

The Borough of Prospect Park filed a bill in equity to restrain Artie C. McClaskey, trading as McClaskey Brick Yard, defendant, from using a driveway as a means of ingress to and egress from a brick manufactory for the purpose of taking supplies into the yard for making bricks and hauling the manufactured bricks out, and from maintaining a sign on the premises lying within the borough.

The bill avers that defendant is owner and occupant, since on or about September 1, 1938, of certain premises lying partly in an industrial zone in the Township of Ridley and partly in a commercial zone in the borough; that the brick yard is located in the portion of the premises situate in the township and the adjoining driveway runs over land lying in the borough; that the use of the driveway is accessory to the industrial use of the brick manufactory; that the defendant has erected and is now maintaining a sign on the premises lying within the borough, "which sign does not relate to any use of that portion of the premises which lies within the Borough of Prospect Park;" and that the use of the driveway and the maintenance of the sign, beginning on or about August 15, 1939, is in violation of a borough ordinance in effect since January 1, 1926. A copy of the material parts of the ordinance was attached to the bill and made a part thereof.

Defendant filed preliminary objections to the bill objecting first, that the bill failed to set forth a cause of action because (a) it did not aver that the part of defendant's land lying in Prospect Park was being used for industrial purposes and (b) the provision of the ordinance as to the sign was an illegal restriction on the use of the land; and secondly, the plaintiff had an adequate remedy at law.

The objections were argued before the court in banc and an order was entered sustaining the objections and requiring the filing of an amended bill under penalty of having the bill dismissed. No amended bill having been filed, a final decree was entered dismissing the bill. This appeal followed.

Under the statement of facts set forth in plaintiff's bill dismissed on preliminary objections, the only question raised is whether defendant's use of the driveway situate in the commercial district of the plaintiff borough and his maintenance of a sign thereon constitute violations of the borough ordinance.

The ordinance provides, inter alia, as follows: "Section 2. General Requirements and Exceptions: Except as hereinafter specified, it shall be unlawful to use, erect, raise, enlarge, construct, reconstruct or alter any building, structure or premises, or part thereof, unless in conformity with the provisions of this ordinance.

"Section 3. 'A' District uses: Within any 'A' District no building, structure or premises shall be used or designed or arranged to be used, in any part, unless as herein specified, otherwise than for the following classes of purposes: (a) Detached one family dwellings. ...... Apartment houses ...... (b) The office of a physician or similar professional person residing on the premises; ...... (c) Customary home occupations, such as dressmaking or millinery, conducted by a resident occupant with the assistance of not more than an average of two employees; ...... (d) Public libraries, public museums, public art galleries, schools, colleges, public parks, tennis courts, churches, and also playgrounds, athletic fields, parish houses used for recreational purposes, public comfort stations, community center building, telephone exchanges. ...... (e) Real estate signs of not more than eight square feet area, referring only to the premises or tract on

which they are located. (f) Community garages. ......
(g) Accessory uses, customary with or incidental to any of the aforesaid permitted uses, including private garages and private stables as hereinafter specified; ......

" 'B' District uses: Within any 'B' District the uses and limitations of buildings and premises shall be identical with those of 'A' District with the addition that twin houses will be permitted in 'B' District.

" 'C' District uses: (a) Any use hereinbefore specified as permissible in any 'A' or 'B' District. (b) Any office or retail store or stand where goods are sold or services rendered, including private and public garages and filling stations as hereinafter specified, and places of recreation or amusement. (c) Public buildings, fire houses, storage, lodge rooms, club rooms, hotels. (d) Stables for horses, under the limitations herein recited for public garages. (e) Wholesale business establishments. (f) Storage incidental to any of the above. (g) Apartments for residence occupancy over places of business.

"No industrial or manufacturing district is provided and such use is therefore non-conforming but permissible if at present existing ......"

It is appellant's contention that the use of the driveway to take supplies into the yard of the brick manufactory and to haul bricks out is accessory to the industry of brick making and as such constitutes a violation of the existing ordinance. With this contention we cannot agree. The driveway is used merely for ingress and egress and for no other purposes. No part of the manufacturing process is carried out on the driveway or on any portion thereof located within the appellant borough. The general use of a driveway for the passage of trucks is not a use peculiar to industry. Although a driveway may in fact, as in this case, be put to use in connection with an industry, the use of a

driveway, in general, is not exclusively industrial in character. A driveway for the purpose of affording means of passage to trucks is equally advantageous and suitable for commercial as for industrial purposes.

While it is conceivable that the public use of a private driveway lying within a *residential* district in connection with a public garage located in an adjoining commercial district may so change the character of the driveway as to render its public use prohibitive as "a commercial use" (See, *Village of Great Neck Estates v. Bemak and Lehman Inc., et al.,* 218 N. Y. S. 359, reversed by the Appellate Division in 228 N. Y. S. 917, which was in turn affirmed by the Court of Appeals in 248 N. Y. 651), it does not follow that the use of a driveway lying within a *commercial* district, merely for the passage of trucks hauling supplies and finished products, partakes so directly and exclusively of industry as to alter the character of the district within which it is located. Neither can it be seriously said that such use would endanger those interests which the zoning ordinance, as an exercise of the municipality's police powers, is intended to protect.

To give the ordinance under consideration the construction placed upon it by appellant, would, in our opinion, be unreasonable and unnecessarily harsh as applied to the circumstances of this case.

Appellant also contends that appellee's maintenance of a sign on that portion of his premises which lies within the borough constitutes a violation of that part of the ordinance which provides that "No signboards, advertising signs or billboards shall be permitted except as hereinbefore provided except that in 'C' District it shall be permissible to display signs relating to the business conducted on the premises provided that such signs do not project or extend beyond the building line." The reason assigned is that the sign does not relate to the business conducted on the premises.

There is no averment in appellant's bill that the sign in question is improperly constructed or that it contains any objectionable matter, immoral or indecent.

The court below in its opinion stated: "The defendant maintains a sign on the portion of his premises in the borough calling attention to the business which he conducts on the portion of his property in the township. The zoning ordinance permits signs of this nature in the commercial district relating to business conducted on the premises, but the plaintiff contends that, since this sign calls attention to an industrial use, it is accessory to said industrial use and is also in violation of the said ordinance. Zoning classification can only be justified where there is some proper consideration of the health, safety, morals or general welfare of the community. It is not necessary for us to decide whether or not all signs could be prohibited, but we do decide that, where they are permitted, the wording on this sign has no proper relation to the public health, safety or morals." With this statement we are in accord.

Decree affirmed, costs to be paid by appellant.