## Fannasy v. Lemoyne Borough Board of Adjustment

*E. M. Biddle,* for appellant.

*Addison M. Bowman,* for board of adjustment.

SHUGART, P. J., October 15, 1948.—This matter comes before the court as an appeal from the decision of the Board of Adjustment of the Borough of Lemoyne refusing to grant a variance from the zoning ordinance of the said borough allowing plaintiff to operate a used car motor vehicle sales agency at his lot on Market Street in the said borough.

Plaintiff desires to open a used car sales agency not in connection with a new car agency in "C-1" commercial district when the Zoning Ordinance No. 204 of the Borough of Lemoyne specifically provides that no motor vehicle sales agency from open lots are permitted when said lot is not an accessory to and adjacent to a new car agency.

The pertinent portion of the borough ordinance is article V, C-1 commercial district. Section no. 501 provides for the types of buildings which may be erected, altered or used and states that a lot may be used for any of the purposes listed and no other. The last three clauses of this section are pertinent to the controversy and provide as follows:

"11. Motor vehicle sales agency, public garage, motor vehicle repair shop and gasoline service station.

"12. Motor vehicle sales agency from an open lot only when said lot is an accessory to and is adjacent to a new car agency.

"13. A motor vehicle parking lot not used for sale of vehicles, farm or construction equipment."

By the Act of June 29, 1923, P. L. 957, 53 PS §15731, boroughs were empowered to adopt zoning ordinances for the purpose of promoting health, safety, morals or the general welfare. This act was repealed by The General Borough Act of May 4, 1927, P. L. 519, insofar as it related to boroughs. This Act of 1927, however, empowered boroughs to adopt zoning ordinances for the above purposes, which power was continued in the act as amended by the Act of July 10, 1947, P. L. 1621, 53 PS §15211.1.

Zoning ordinances can only be justified where there is some proper consideration of the community's health, safety, morals or general welfare: Prospect Park Borough v. McClaskey, 151 Pa. Superior Ct. 467.

It has been held that zoning ordinances may in a general sense be a reasonable exercise of the police power, but

"There is one matter that is quite certain, the power to thus regulate does not extend to an arbitrary, unnecessary or unreasonable intermeddling with the private ownership of property, even though such acts be labeled for the preservation of health, safety and general welfare. The exercise must have a substantial relation to the public good within the spheres held proper": White's Appeal, 287 Pa. 259, page 266.

An examination of the provisions of the ordinance quoted above shows that car lots, per se, are not prohibited in the area in which appellant's lot is located. He could open his lot as a parking area for cars or he could use it to exhibit used cars for sale thereon if he operated a new car agency in connection therewith.

It is readily conceivable that the general welfare or safety may be promoted by excluding used car lots or parking lots from a given area. It is difficult to conceive, however, what elements of the general welfare would be promoted by excluding used car lots, unconnected with a new car agency, while permitting the same used car lot where it is so connected.

From the standpoint of safety it would seem that a parking lot with its constant flow of traffic would create a greater hazard than would a lot whereon used cars for sale are exhibited.

From the standpoint of public health and morals it is conceded that the two uses would have the same effect.

At the present time there are in existence some nonconforming used car lots in the area under consideration as well as some lots operated in connection with new car agencies.

Counsel for appellee argues that a new car agency deals with "trade-ins" as well as new cars, and that these "trade-ins" are quickly sold, therefore, such lot would not assume the appearance of a junk yard. Conversely he argues that many used car sale lots are practically junk yards for the reason that there is no quick turnover, such as exists when the used car lot is operated in connection with a new car agency. We cannot agree with counsel's argument. On the contrary, it is conceivable that a new car dealer may accept as a "trade-in" a vehicle that is not resaleable in order to make a sale of a new car, whereas a used car dealer is more likely to purchase only cars that can be resold. So, too, a new car agency with a repair shop may retain a junked car for parts, whereas a used car sales agency without a repair shop would have no use for such vehicles on the premises.

It appears, therefore, that the ordinance in question prohibits a particular use while permitting other uses

which at least equally affect the health, morals, public safety and the general welfare of the community. Such a restriction results in discrimination in that it does not bear alike on all persons in the same territory and cannot be sustained under the police power: Huebner et ux. v. Philadelphia Saving Fund Society et al., 127 Pa. Superior Ct. 28.

The question to be answered in a case of this kind is: "If the 'variance' asked for be granted, will 'the spirit of this ordinance' be observed and substantial justice done?": Crawford Zoning Case, 358 Pa. 636 at p. 641. Based on that test we feel that for the reasons given the variance requested in the instant case can be granted.

And now, October 15, 1948, the appeal is sustained and the board of adjustment is directed to grant the variance as prayed for.