392 Pa. 269 (1958)
Swade, Appellant,
v.
Springfield Township Zoning Board of Adjustment.
Supreme Court of Pennsylvania.
Argued January 7, 1958.
March 24, 1958
Before JONES, C.J., BELL, CHIDSEY, MUSMANNO, JONES and COHEN, JJ.
William J. Woolston, with him Fox, Biffer & Honeyman, for appellant.
John E. Landis, with him David E. Groshens, for appellee.
*270 OPINION PER CURIAM, March 24, 1958:
The order of the Court below is affirmed on excerpts from the able opinion of President Judge HAROLD G. KNIGHT:
"The facts are fully set forth in the findings of the Board of Adjustment and the hearing judge and it is unnecessary to repeat them here.
"It is hardly open to dispute that the appellant is conducting a prohibited business enterprise in a residential zone. He uses the barn on the premises as the headquarters of the business of repairing and maintaining pumps, he has a telephone in the office in the barn and maintains a full time secretary there, he has an inventory of $20,000 in parts and has two machines which he uses in his business set up in the barn.
"The Board of Adjustment, as well as the hearing judge, found as a fact that the business carried on by the appellant did not adversely affect the health, safety, or morals of the public and counsel for the appellant, before the hearing judge, the Court en banc, and in his brief contends:
"1. That since the business of the appellant has no reasonable relationship to the public health, safety and morals, the Board of Adjustment had no discretion in the matter and should have granted the variance.
"2. That since the appellant's business had no reasonable relationship to the public health, safety or morals, the Zoning ordinance was unconstitutional as applied to said business for it deprived appellant of his property without due process of law.
"We cannot agree with either of these contentions. The very essence of Zoning is the designation of certain areas for different use purposes. Business may not encroach on residential areas except through the medium of a special exception or variance. The conditions under which a variance can be granted are fully set *271 forth in the Springfield Zoning Ordinance and the enabling Act.
"If the appellant's first contention is the law, then the whole plan and scheme of Zoning must be cast aside because business and industry could invade any zone just so long as it could be shown that the proposed use would not adversely affect to any reasonable extent the public health, safety or morals. The statutory law of zoning would be replaced by the law of nuisance. We will discuss the element of the public welfare when we consider appellant's second contention.
"The general scheme or plan of zoning has been held to be constitutional by our highest courts because it has a definite relation to the public health, safety, morals and welfare. It is in the interest of public welfare that land in a community be used and developed in an orderly manner in accordance with a comprehensive plan.
"By its very nature zoning impinges upon the right of a land owner to use his land in any way that he desires so long as he does not unduly interfere with his neighbor's right to use and enjoy his land. To this extent, zoning imposes a hardship on every land owner subject to the provisions of a zoning ordinance. It is a hardship, however, made necessary by considerations of the public welfare and is imposed by virtue of the police power.
"The appellant knew when he purchased his land that it was in a residence zone and restricted to residential use. He knew or should have known that a business use was prohibited even though that use did not disturb or interfere with his neighbors. If we were to hold that the Zoning Ordinance of Springfield Township was unconstitutional as applied to the appellant's property, then we would throw every zone open to prohibited uses if it could be shown that the prohibited *272 use did not offend against the public health, safety or morals, and we would in effect put an end to all zoning.
"Counsel for appellant in his brief cites no authority in support of his contentions and we have cited none, for we are of the opinion that the principles we have set forth above are well established in Pennsylvania. We hold that the hearing judge committed no error in holding that the Board of Adjustment did not abuse its discretion in refusing a variance and that no error of law exists."
Mr. Justice BELL concurs in the result.