Young Men & Women's Hebrew Association *v.*
Monroeville Borough Council (et al.,
Appellant).

Argued March 18, 1968. Before MUSMANNO, JONES,
COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Zeno Fritz,* for appellants.

*David W. Craig,* with him *Baskin, Boreman, Sachs, Gondelman & Craig,* for appellee.

OPINION BY MR. JUSTICE MUSMANNO, April 16, 1968:

The Young Men & Women's Hebrew Association and Irene Kaufmann Centers, a nonprofit corporation, owning approximately 106 acres of land in Monroeville, situate in an R-2 District, zoned as a "One-Family Residence" area, applied to the Borough of Monroeville for a "conditional use" of its land as a nonprofit recreation area. The borough's planning commission, after due study, recommended approval of the application, allowing entrance into the property from Rosecrest Drive, and a one-way exit into Brinton Avenue, both these thoroughfares abutting the plaintiff's property.

After a public hearing, the borough council approved the plaintiff's application for "conditional use" of its land, as requested, but imposed 18 specific conditions to be complied with in the use of the property as a recreation area and in the issuance of building permits.

Condition No. 14, the only one involved in this litigation, provided: "That the sole entrance and exit to the premises shall be from Jamison Lane at the U. S. Steel property. Any items on the said plans Exhibits 'A-1' and 'A-2' showing entrance or access roads into the said premises from any other direction or at any other point other than as set forth in this paragraph are hereby specifically deleted and disapproved."

Since the plaintiff's property does not extend to Jamison Lane, Condition No. 14 meant that the members of the plaintiff's organization could only reach and exit from the recreation area by passing over pri-

vate property, over which the plaintiff has no right of passage.

When the plaintiff made application to the zoning officer for building permits free of Condition No. 14, the application was refused, and the plaintiff filed an action of mandamus in the Court of Common Pleas of Allegheny County asking that the council and the zoning officer be ordered to issue the necessary permits which would allow the "conditional use" authorized by council.

The court invalidated Condition No. 14 and ordered the defendants to issue the requested permits. In the court below a Harry E. Hitson, Jr., and Charlene E. Wilson were permitted to intervene and they are the appellants here.

It is the contention of the appellants that since the plaintiff's property was zoned as R-2, it could only be used for one-family residential purposes, and that if the council was willing to grant a "conditional use" it could impose any condition it wished. Council's authority, however, in these matters is not without some limitation. When council, in the exercise of its authority and discretion, officially decided that the plaintiff's use of its property as a recreational park was "reasonably necessary and essential for the public convenience or welfare, and is not seriously detrimental to the character of the neighborhood," it could not then introduce a condition which nullified the use granted, by shutting the property off from public highways. With such a limitation on the "conditional use" the council in effect made of the plaintiff's property an island and then prohibited the building of a bridge to the mainland.

With one hand the council gave the plaintiff what it asked for and then, with the other hand, it took it

away. How can land be used for a recreational park if it has no access to public highways?

In Greek mythology a Phrygian king, Tantalus, was condemned for his crimes to stand thirsty and hungry, chin deep in water with fruit-laden branches hanging above his head. When he bent over to drink, the water receded, when he reached up for fruit, the branch would fly upward. From all of which comes the word "tantalize." The Council of Monroeville thus tantalized the plaintiff by granting a conditional use impossible of fulfillment, unless it acquired, if it could, rights in property not belonging to it.

If there is one feature of the law which is more respected than any other, it is that of reasonableness. Without reasonableness the law becomes a mockery to Justice, whose defender and proponent the law must always be.

The appellants contend that the plaintiff had the opportunity to choose between two alternatives: (1) to comply with the nonaccess condition, or (2) to use its land for one-family residence purposes. But that was no choice at all, since the plaintiff always had the right to use its property for residential purposes. An old English character, Thomas Hobson, rented his horses and gave customers the choice of any horse they desired, provided it was the one nearest the stable door. The borough here is tantalizing the plaintiff with a Hobson's choice.

In the incomparable phraseology of William Shakespeare: "You take my house when you do take the prop That doth sustain my house. You take my life When you do take the means whereby I live."

When the borough council took away from the plaintiff the means of access to the nonprofitable recreational use of its property, it in effect took away the prop of the charitable use which council granted to it.

Of course, the council had the right to impose, as the zoning ordinance provided, "safeguards (which) are established with respect to sanitation and general safety," but once it saw fit to grant the use, it was compelled by law to exercise its discretion in a reasonable manner, and it cannot impose unreasonable restrictions which destroy the very use it has permitted.

The appellants argue that the plaintiff has not shown that it cannot acquire rights of way over the private property which intervenes between its land and Jamison Lane, but the appellants have not shown why the plaintiff may not employ means of access in and from its property via the two public roads that directly abut the property. The borough's planning commission specifically recommended an entrance from Rosecrest Drive and an exit into Brinton Avenue. This recommendation the council struck down without explanation. In taking away the only boats which could carry the plaintiff to the mainland from its borough-created island, the borough acted in a manner which can only be regarded as arbitrary and a denial of due process.

There is, of course, a distinction between special exceptions and variances, which a Board of Adjustment must consider, and conditional uses which can only be resolved by council. There is a reason for this distinction because when the zoning board acts it performs an administrative function; whereas, when the council acts, it takes on the attributes of a legislative body. Proper and correct as is this distinction, it must still be noted, however, that in the case at bar the council was operating under the provisions of a zoning ordinance, and, therefore, its powers must be exercised in conformity therewith.

Chief Justice BELL, in the *Rolling Green Golf Club Case*, 374 Pa. 450, cited with approval from *White's*

*Appeal,* 287 Pa. 259 where this Court held that while " 'all property is held in subordination to the right of its reasonable regulation by the government clearly necessary to preserve the health, safety or morals (or general welfare) of the people,' " yet, "there is one matter that is quite certain, the power to thus regulate does not extend to an arbitrary, unnecessary or unreasonable intermeddling with the private ownership of property, even though such acts be labeled for the preservation of health, safety and general welfare."

In the case at bar, the borough council admits that it authorized a conditional use of the plaintiff's property because it found this use was reasonably necessary, as already stated, "for the public convenience and welfare." The plaintiff is a nonprofit, Community Chest agency serving the public. Once it obtained the right to use its property for a recreational park, this right could not arbitrarily be taken away from it, even by council. The light of due process still shines, or should, in every court, legislative hall and executive chamber in America.

We do not agree with appellants' contention that Condition No. 14 is not severable and that, therefore, if that condition is removed, the whole resolution must fall. With the removal of the spongy foundation of Condition No. 14 the structure will be formidably strong.

Nor do we agree that mandamus in this case is an attempt to control the exercise of borough council's discretion. As stated in *Commercial Properties, Inc. v. Peternel,* 418 Pa. 304: "Mandamus will not lie to control the exercise of official discretion, but it will issue to compel the exercise of discretion or to prevent the arbitrary or fraudulent exercise thereof."

The order of the court below is affirmed but modified to allow the plaintiff to use the public ways abut-

ting its property in conformity with the recommendation made by the planning commission.

Order affirmed as modified.

Mr. Chief Justice BELL took no part in the consideration or decision of this case.