Ellis School, Appellant, *v.* Crawford.

Argued January 14, 1970.   Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Judd N. Poffinberger, Jr.,* with him *Michael C. McLean,* and *Kirkpatrick, Lockhart, Johnson & Hutchison,* for appellant.

*Donald J. Lee,* with him *Edward M. Larkin,* and *Dougherty, Larrimer, Lee & Hickton,* for appellees.

OPINION BY MR. JUSTICE ROBERTS, March 25, 1970:

The Ellis School, a private educational institution, is located on a former estate in a predominantly residential area of Pittsburgh, Pennsylvania. Automotive access to the property was provided by two driveways, both of which can be reached only from a heavily traveled street. In 1969 the school decided to improve the traffic flow in and out of its property and undertook to construct a third driveway which would lead to Kentucky Avenue, a residential street which had heretofore come to a dead end at the school's property line. The residents of Kentucky Avenue, upset by the thought of having increased traffic on their quiet little street, opposed construction of the driveway, and, after its completion, continually parked their automobiles along Kentucky Avenue in such a way as to make access to the driveway impossible.

This action in equity was brought by the Ellis School to enjoin the residents of Kentucky Avenue from blocking the driveway. The trial court held a preliminary hearing but took no testimony on the merits of the case and refused to issue an injunction, apparently reasoning that since the case involved a possible zoning problem it should be handled only by the appropriate administrative authorities. We disagree.

At the time of the hearing and decree of October 17, 1969, the propriety of the driveway's construction was before the zoning authorities only in the form of a petition filed by the defendants in the equity action.* We do not believe that the defendants could deprive the equity court of its jurisdiction by simply attempting to institute proceedings before the zoning authorities. At

---

* The Kentucky Avenue residents assert in their brief that the City of Pittsburgh has officially notified the Ellis School that it is in violation of the zoning laws. This action, if it is relevant at all, came *after* the October 17, 1969, hearing and order and cannot serve as a basis for supporting that action.

the time of the hearing, the Ellis School had not sought to proceed under the allegedly applicable zoning laws and had not been cited by the zoning authorities. They were therefore not confined to the administrative process and it was erroneous, on this record, to dismiss the complaint without holding a hearing on the merits.

Decree vacated and case remanded for further consistent proceedings.

Mr. Justice POMEROY took no part in the consideration or decision of this case.

---

DISSENTING OPINION BY MR. JUSTICE COHEN:

This is an appeal from a decree denying a request by the Ellis School for a preliminary injunction. Our case law is clear as to when such an injunction may be granted and what our scope of review is.

"Since a preliminary injunction is somewhat like a judgment and execution before trial, it will only issue where there is an urgent necessity to avoid injury which cannot be compensated for by damages and should never be awarded except when the rights of the plaintiff are clear. Also, it should in no event ever be issued unless greater injury will be done by refusing it than in granting it." *Herman v. Dixon,* 393 Pa. 33, 36-7, 141 A. 2d 576 (1958).

In *Schwab v. Pottstown Borough,* 407 Pa. 531, 533, 180 A. 2d 921 (1962), we stated: "a preliminary injunction will not issue unless (1) the rights of the plaintiff are clear; (2) there is an urgent necessity to avoid injury which cannot be compensated for by damages; and (3) greater injury will be done by refusing it than in granting it." See also *Bliss Excavating Company v. Luzerne County,* 418 Pa. 446, 211 A. 2d 532 (1965).

In *Lindenfelser v. Lindenfelser,* 385 Pa. 342, 343-4, 123 A. 2d 626 (1956), we defined our role on appeal

as follows: "Our uniform rule is that, on appeal from a decree which refuses, grants or continues a preliminary injunction, we will look only to see if there were any apparently reasonable grounds for the action of the court below, and we will not further consider the merits of the case or pass upon the reasons for or against such action unless it is plain that no such grounds existed or that the rules of law relied on are palpably wrong or clearly inapplicable." See also *Bliss Excavating Company*, supra; *Herman v. Dixon*, supra.

In this action the court below refused to issue a preliminary injunction. I would affirm that decree because there has been no showing that relief was urgently needed or that greater injury would result from the denial of a preliminary injunction than from its grant. In addition appellant has not established a clear right to such relief because it has not shown that the driveway was established according to law. The majority opinion itself indicates that it was the school that decided to improve traffic flow and constructed the driveway. I do not see how any relief could be granted until the propriety of the establishment of the driveway has been adjudicated.

On review we are only to consider whether there are any apparently reasonable grounds for the court's action. The record discloses that the court below had such reasonable grounds for its decision to withhold relief. When considering a matter that rests largely in the discretion of the court below, we should be slow to reverse that court's decision when it has determined that preliminary relief should be withheld.

I dissent.