## Atria, Inc. *v.* Mount Lebanon Township Board of Adjustment.

318

Argued March 23, 1970. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*Edwin L. Klett*, with him *J. Gary Kosinski*, and *Eckert, Seamans & Cherin*, for appellant.

*Alfred C. Maiello*, with him *John B. Nicklas, Jr.*, and *McCrady & Nicklas*, for appellee.

OPINION BY MR. JUSTICE COHEN, April 22, 1970:

This is an appeal by the Township of Mount Lebanon, a first class township, from the order of the Court of Common Pleas of Allegheny County (then the County Court) reversing the order of the Board of Adjust-

ment of Mount Lebanon Township and requiring that use and occupancy permits be issued to Atria, Inc.

Atria, Inc. owns and operates a combination grocery store, beer parlor and restaurant on lot 17 in the Parker Gardens plan of lots fronting on Beverly Road, a four lane main arterial highway in Mount Lebanon Township. Antoinette Atria resides on the second floor of that building and has done so for many years. Atria, Inc. also owns lot 18 which abuts lot 17 to the west and on which is a building rented to a third party and used as a garage. Nicholas Atria is the owner of a private residence located on lot 22 in the Parker Gardens Plan which fronts on Newburn Drive, a residential street which intersects Beverly Road a short distance to the west of lot 18. Lots 17 and 18 are in a zoning district which has been designated NS Neighborhood Shopping, and lot 22 is located in an R-4 Residential district. For convenience we shall refer to appellees collectively as Atria.

This action centers around the desire of appellees to use the private driveway located on lot 22 as a means of access to a parking lot which is located on parts of lots 17, 18 and 26, and which serves the restaurant-beer parlor located on lot 17. On July 21, 1958, the Mount Lebanon Township Commissioners approved a site plan submitted by Joseph Atria, former president of Atria, Inc., now deceased, for accessory off-street parking in the rear of the building in which the beer parlor is located. Their approval was conditioned on the fact that access to the parking area was to be only by a route which traversed property then owned by Abe Finkelstein (now owned by Rollier Bros., Inc.) which was situate to the east of appellees' property. The Township Commissioners denied Joseph Atria's request that access be across the driveway located on lot 22 and required him to build a wall across the driveway

thereby ensuring that Newburn Drive and the driveway would not provide access. By an agreement between Atria and Finkelstein access to the parking lot was obtained from the east, and until 1967 traffic entered the lot over the property now owned by Rollier Bros.

On May 8, 1967, Rollier Bros. was issued a permit to erect a cyclone fence along the rear portion of their property which abutted the Atria property. When the fence was completed on July 27, 1967, access to the parking lot from the east was effectively cut off. By agreement between Atria and Rollier Bros., the former were permitted access over the latter's property for a period of five years which would end in May, 1973.

Atria then applied to the Township Building Inspector for a Certificate of Use, Occupancy and Compliance which would have permitted them to remove the concrete block wall in the rear of lot 22 and use the driveway as an access route to the parking lot. This request was refused, and Atria appealed to the Township Zoning Board of Adjustment. After a hearing, the Board affirmed the decision of the Building Inspector and concluded (1) that Atria could gain vehicular access from Beverly Road across its own commercially zoned property, (2) that granting the appeal would result in a greatly increased flow of commercial traffic across a residential area, and (3) that such commercial use would affect injuriously the property values of Newburn Drive.

Atria then appealed to the County Court of Allegheny County (now the Common Pleas Court). The court took no additional testimony, and after a reading of the record, it concluded that Atria had not waived any rights by failing to appeal the Mount Lebanon Township Commissioners' decision of July 21, 1958, that there was no substantial relationship between the Board's denial and the health and safety of the com-

munity, and that the Township could not deny Atria the fundamental rights of ingress and egress. It reversed the Board's order and ordered that use and occupancy permits be issued. Mount Lebanon Township, appellant, then took this appeal.

As stated above, lots 17 and 18 are located in an area zoned NS Neighborhood Shopping, and lot 22 (including the driveway) is in an area zoned R-4. The parking lot is located partly in an NS area and partly in a R-4 area; up to now access has only been permitted over commercially zoned (NS) property. Township Ordinance No. 1723, Art. VII, §1 regulates the uses in R-4 residential districts and states: "In this [R-4] District the land, buildings, and structures shall be used, and the buildings and structures erected, altered, enlarged, and maintained for the following uses only: 1. Any use permitted in R1, R2, and R3 Districts. 2. Multi-family dwelling. 3. Required Off-street Garage, Parking Area, and Loading Space . . . 4. Accessory uses, buildings, and structures customarily incident to those permitted above, and on the same lot with the main building and use."

As the court below did not take additional testimony, the question before us is whether the Board abused its discretion or committed an error of law. *Peirce v. Zoning Board of Adjustment*, 410 Pa. 262, 189 A. 2d 138 (1963). This in turn requires us to determine whether the proposed use of the driveway is violative of the ordinance and, if it is, whether the ordinance meets constitutional standards in that it has a substantial relationship to the health, safety, morals, or general welfare of the community.

This Court has never decided whether a private driveway in a residential district may be used by the public in connection with a parking lot serving a business in a commercial district without violating the ordi-

nance that restricts activities in the residential district to noncommercial ones. "The predominant viewpoint . . . supports the position that land used as a means of access to, or for the parking of vehicles of patrons of, a business, is in a use accessorial to the business and thus is itself in legal contemplation being used for the business purpose in question." *Wolf v. Zoning Board of Adjustment of the Borough of Park Ridge*, 79 N.J. Super. 546, 192 A. 2d 305, 307 (1963). See, *Sprague-Covington Company v. Zoning Board of Review of the City of Cranston*, 102 R.I. 317, 230 A. 2d 419 (1967); *City of Providence v. First National Stores, Inc.*, 100 R.I. 14, 210 A. 2d 656 (1965); *Park Construction Company v. The Planning and Zoning Board of Appeals of the Town of Greenwich*, 142 Conn. 30, 110 A. 2d 614 (1954); *Harrison v. Building Inspector of Braintree*, 350 Mass. 559, 215 N.E. 2d 773 (1966); *Town of Brookline v. Co-Ray Realty Co., Inc.*, 326 Mass. 206, 93 N.E. 2d 581 (1950); *City of Yonkers v. Rentways, Inc.*, 304 N.Y. 499, 109 N.E. 2d 597 (1952); *Windsor v. Lane Development Co.*, 109 Ohio App. 131, 158 N.E. 2d 391 (1958); *Rush v. City of Greenville*, 246 S.C. 268, 143 S.E. 2d 527 (1965); *City and County of San Francisco v. Safeway Stores*, 150 Cal. App. 2d 327, 310 P. 2d 68 (1957). Contra, *State ex rel. Szodomka v. Gruber*, 201 La. 1068, 10 So. 2d 899 (1942).

Appellees rely on *Prospect Park Borough v. Mc-Claskey*, 151 Pa. Superior Ct. 467, 30 A. 2d 179 (1943). In that case the Borough of Prospect Park filed a bill in equity to restrain the defendants from using its driveway in a commercial zone as a means of ingress to and egress from its brick manufactory which was in an industrial zone. The Borough argued that the use of the driveway to take supplies in and haul bricks out was accessory to the industry of brick making. The

Superior Court disagreed saying that the driveway was used for ingress and egress only and that no part of the manufacturing process was carried on there. The crucial element in that case, however, was that "[a] driveway for the purpose of affording means of passage to trucks is equally advantageous and suitable for commercial as for industrial purposes", 151 Pa. Superior Ct. at 471. The court emphasized that such a use did not alter the character of the district in which it was located and would not endanger those interests which the zoning ordinance was intended to protect. In addition, the court stated that it was "conceivable that the public use of a private driveway lying within a *residential* district in connection with a public garage located in an adjoining commercial district may so change the character of the driveway as to render its public use prohibitive as 'a commercial use' . . .", 151 Pa. Superior Ct. at 471. The record indicates that between 75 and 100 cars can be expected to use the driveway each day, and certainly that use would not be as advantageous for residential as for commercial purposes. It could also be expected to alter the character of the district. Therefore the Prospect Park case presents a different set of circumstances from those facing us in this action.

In *Commonwealth v. Cieslak,* 179 Pa. Superior Ct. 441, 115 A. 2d 418 (1955), the Superior Court faced the same question in a different context. Defendant was summarily convicted of violating the zoning ordinance for having used one lot zoned residential as a parking lot for her funeral home located on a contiguous lot which was zoned commercial. By affirming the judgment of sentence the Superior Court necessarily was holding that the commercial aspects of a business carried over to the land used as a parking lot for that business.

It would be closing our eyes to reality to hold that a driveway giving access to a parking lot serving a beer parlor and a restaurant was not a commercial use of the land. That is what practically all the jurisdictions which have been faced with this question have said, and the reasoning of those cases is persuasive. Therefore appellees' proposed use of the driveway is a commercial one and thus not permitted under the relevant ordinance.

Appellees argue that when the Commissioners in 1958 permitted some R-4 land to be used as part of the parking lot they were permitting a prohibited use in the R-4 area and can not be heard to complain now of a NS use in the R-4 area. Even though it was not labelled as such, in essence the Commissioners in 1958 were granting a variance. In this action appellees are not requesting a variance; they are requesting a certificate of use, occupancy and compliance and claim that they are entitled to it under the ordinance. As to this only the wording of the ordinance is relevant, and the past actions of the township are of no consequence.

Appellees place great reliance on *Rolling Green Golf Club Case*, 374 Pa. 450, 97 A. 2d 523 (1953) and *Young Men & Women's Hebrew Association v. Monroeville Borough Council*, 429 Pa. 283, 240 A. 2d 469 (1968). Neither of those cases is apposite, however. In the former we did emphasize the importance of the rights of ingress and egress, but the determinative factor in the case was the fact that the relevant ordinance did not prohibit the property owner from using part of its land for a driveway. That case, as does this, involved an application of the specific wording of the applicable ordinance to the facts, and as both the wording and the facts there differ from those in the instant action, that case is not helpful. In the *YM&WHA* case we merely

held, 429 Pa. at 285: "When council, in the exercise of its authority and discretion, officially decided that the plaintiff's use of its property as a recreational park was 'reasonably necessary and essential for the public convenience or welfare, and is not seriously detrimental to the character of the neighborhood,' it could not then introduce a condition which nullified the use granted, by shutting the property off from public highways."

Having determined that appellees' proposed use of the driveway is violative of the applicable ordinance, it is necessary to decide whether the ordinance itself bears a substantial relationship to the public health, safety, morals or general welfare. Appellees state "[i]n order for the appellant's refusal to be valid, there must be a clear relationship between its refusal and the public safety and welfare." This is not the test. *Swade v. Springfield Township Zoning Board of Adjustment,* 392 Pa. 269, 140 A. 2d 597 (1958). The question is not whether this particular decision of the Board bears a substantial relationship to the public safety and welfare (the public health and morals are not involved in this decision) but (1) whether the proposed use is violative of the ordinance, and (2) whether that ordinance bears a substantial relationship to the public safety or general welfare. As we stated in *Eller v. Board of Adjustment,* 414 Pa. 1, 198 A. 2d 863 (1964), the burden of proof in an attack on the constitutionality of a zoning ordinance is upon the person so asserting, and that burden is a heavy one.

It is difficult to understand upon what specific grounds appellees attack the constitutionality of the ordinance, but it would appear that they attack the power of the Mount Lebanon Township Commissioners to create a residential area that is to be free of commercial activity. As we stated in *Swade,* supra, however, that argument is totally without merit.

What we have decided is that appellees do not have the right under Township Ordinance No. 1723, Art. VII, §1 to use a driveway located in a R-4 area as a means of access to a parking lot serving a grocery store, restaurant and beer garden located in a NS area and that that ordinance is constitutional. As the question has not been presented to us (or to the Board or court below), we are not deciding whether on these facts appellees are entitled to a variance. As stated above, their sole claim is that they were entitled to a certificate of use, occupancy and compliance under the terms of the ordinance.

Since we have determined that the Board of Adjustment neither abused its discretion or committed an error of law, the order of the court below is reversed.