Erie *v.* Metroplan, Inc. et al., Appellants.

Argued March 19, 1970. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN and POMEROY, JJ.

*John M. Wolford,* with him *Dunn, Wolford & Sesler,* for appellants.

*Angelo P. Arduini,* Assistant City Solicitor, with him *James G. Hanes,* City Solicitor, for City of Erie, plaintiff, appellee.

*Joseph F. Agresti,* with him *Agresti and Agresti,* for intervenors, appellees.

*David S. Gifford,* with him *Gifford, Baker and Lay,* for intervenor, appellee.

OPINION BY MR. JUSTICE COHEN, October 9, 1970:

This is an appeal from a decree of the Court of Common Pleas of Erie County permanently enjoining Metroplan, Inc., Jerome Heibel (Metroplan's president) and Marjorie Heibel (his wife), appellants, from further construction and utilization of a private driveway on a tract of land appellants own in the City of Erie.

Appellants own two tracts of land. One is located in the City of Erie and is approximately 2½ acres. The southern boundary of that tract is the line which divides the City of Erie from Millcreek Township. Contiguous to and south of this Erie parcel, appellants own a 15 acre tract which is entirely within Millcreek Township. Appellants desire to build a private country club building on the Millcreek parcel and use the Erie land for accessory uses such as a swimming pool, tennis courts, putting green and two holes of a possible nine hole golf course. They have no definite plans as to the use of the remainder of the Millcreek parcel but have thought in terms of luxury homes or apartments or possibly town houses.

The Millcreek land is in an area zoned Agricultural, and the Township on July 26, 1967 granted appellants a building permit for a one-story building to be used for a country club and golf course. Up until August

1, 1968 appellants' Erie parcel was zoned as an A Residence District in which the permitted uses included:

"5. Park, playground, athletic field or swimming pool, not operated as a business for profit.

"6. Country club or golf course (not including a miniature golf course operated for profit).

. . .

"10. Accessory uses, incident to any of the principal uses above listed."

Under the new act, effective August 1, 1968, the tract was classified as R-1 Low Density Residential District; under this ordinance the permitted uses are:.

"One-Family Dwelling
Churches-Place of Worship
Libraries and Museums
Parks and Playgrounds, Public
Schools and Colleges
Accessory Uses
Essential Services."

On July 28, 1967 the Erie Building Inspector refused a permit to construct the swimming pool, tennis courts, putting green and golf holes because the proposed use did not comply with the new ordinance which he said was then pending and because the application did not show a State Charter for a nonprofit club. On September 13, 1967 the Zoning Board of Appeals affirmed the refusal again on the theory that the pending ordinance would prohibit that use and because the project was not nonprofit. That order has been appealed to the court of common pleas, but the record indicates that no decision has yet been filed.

As to the private driveway which is the subject of this action, appellants, on June 28, 1966, obtained permission from the city to cut the curb on the south side of Lakeview Boulevard which is the northern boundary of the Erie tract. The curb was cut in February, 1967,

and in June, 1967 appellants began clearing a strip through the tract and preparing the driveway. On September 6, 1967 the City of Erie filed a complaint asking that further work be enjoined on the theory (a) that this was to be a public road which was being established without the consent of the City and (b) the road was accessory to uses prohibited under both the present zoning ordinance and the one it said was then pending. W. Henry Fryling and Oscar Schmitt, nearby property owners, and Glenwood Hills Association, composed of some 340 area homeowners, intervened on the side of the City. After a hearing the parties agreed that the testimony should be considered as if taken on a final hearing for a permanent injunction. The hearing court entered a decree nisi enjoining further construction and utilization of the private roadway, and the court en banc dismissed appellants' exceptions. These holdings were on the grounds that the use would violate the zoning ordinance and that this driveway would be a public road which would be opened without the necessary approval by the City.

As the situation now stands, appellants have a permit to construct a country club building on their Millcreek land although the record does not indicate that they have actually started to build. On the Erie land, there is a partially constructed driveway, and no further development has taken place pending the appeal of the order of the Zoning Board of Appeals.

The decree of the court below must be reversed because this action was prematurely brought. Nothing in the record indicates that the driveway is to be the primary use of the land; everything points to it being accessory to some other primary use. The difficulty is that at this time it is impossible to know what that primary use will be. If appellants build no part of their country club on the Erie land (voluntarily or in-

voluntarily) and build it totally on the Millcreek land and then try to use this driveway as a means of access to the club, that will be the proper time for an action in equity. Cf. *Atria, Inc. v. Mount Lebanon Township Board of Adjustment*, 438 Pa. 317, 264 A. 2d 609 (1970). If appellants do make some use of the Erie land to which the driveway is accessory, that will be the time to determine whether that use is permitted under the applicable zoning ordinance. Or, if events show that the driveway is to be a primary use in itself, then appellees may properly proceed. The one thing the record clearly discloses is that appellants are not set in their plans for the two tracts.

Appellees are concerned that any of the proposed uses appellants have mentioned will alter the character of the surrounding neighborhood and cause property values to decline. The lower court erred, however, in enjoining completion of the driveway before it is known what the primary use of the tracts will be. It may be that appellants will decide to use the Erie tract in a manner clearly permissible under the zoning ordinance and have the driveway as accessory to that. In that situation, equity would play no role, and it is unlikely that any action would be brought. After the appeal of the order of the Zoning Board is resolved, the situation should be clearer, and appellees will have adequate time to proceed after appellants proceed with a primary use of their land.

Appellees argue that if appellants are permitted to expend time and money to complete the driveway equities will develop in their (appellants') favor that would make a court reluctant to enjoin use of the completed driveway. Appellants, however, are completely aware of the applicable statutory and case law, and any resources they spend for completion of the driveway is at their own risk. They may decide to finish the drive-

way now and take the chance that they will be permitted to make whatever primary use of the land they desire and to have the driveway as accessory to that. They may decide to delay in constructing the driveway until the question of primary use is determined. Whichever course they take will be a calculated one and will have no effect on a later application by appellees for injunctive relief. "[E]quity ordinarily will not enjoin an alleged harmful act where it is not reasonably certain of occurring. Cf. Kelly v. Philadelphia, 382 Pa. 459, 115 A. 2d 238, and cases cited therein." *Curll v. Dairymen's Coop. Sales Assn.*, 389 Pa. 216, 224, 132 A. 2d 271, 274-75 (1957).

Decree reversed. Each party to pay own costs.

Mr. Justice ROBERTS took no part in the consideration or decision of this case.