## Johns Appeal

*William Irwin*, for appellants.
*David Lewis*, for appellees.

ACKER, J., August 18, 1971.—This case concerns an effort by the Hickory Township Volunteer Fire Department and Relief Association to obtain permission from the Township of Hickory to construct a building for the housing of fire equipment along with the operation of a social hall on a triangular piece of land at the intersection of three roads. The total acreage is three acres. The building, designed by an architect, is proposed to be 85 feet long, 62 feet wide, 25 feet in height and cover an area of 4,237 square feet occupying three percent of the total lot. The building permit was referred to the Board of Adjustment of the Township of

Hickory. A hearing was held, followed by a request by a number of citizens who were not aware of or did not appear at the initial hearing for a rehearing. The board met a second time with counsel for both parties, listened to what was proposed to be proved in the second hearing and concluded it was substantially the same contention previously raised and denied the request for rehearing and granted the special exception with restrictions and limitations. They are: (1) That the land surrounding the proposed building may be used only by members of the Hickory Township Volunteer Fire Department and Relief Association and their immediate families for occasional reasonable outdoor activities; (2) whenever the social hall of the proposed building is used which shall require the handling of more than 20 motor vehicles, the applicants shall provide at least one member of the fire police at each entrance and/or exit to direct traffic; (3) the applicant is urged to take all reasonable steps to obtain acquisition and installation of a traffic control light at the Mercer Avenue exit for operation when emergency equipment answers fire calls. (Mercer Avenue is a State highway and, therefore, requires the consent of the Commonwealth of Pennsylvania for the erection of a traffic light.); (4) that the board of adjustment shall retain jurisdiction over the use of the property and reserves the right to impose additional restrictions and limitations as the circumstances require. These conditions and restrictions are acceptable to the applicant but unacceptable to a number of the surrounding residents for they have appealed the matter into this court.

Upon the initial appeal of June 14, 1971, this court entered its order of June 15th granting a pretrial hearing, if desired by any party, to determine whether the record of the hearing before the board of adjustment

is complete and whether any additional testimony should be granted. If no party or their counsel made such a request, then no additional testimony would be considered. This order was in accordance with the general policy of this court not to conduct rehearings of the same testimony offered and recorded at the board of adjustment hearings. However, it was subsequently discovered that the testimony was never transcribed and for reasons of no present concern cannot now be transcribed. Therefore, on the thirtieth day of June this court entered a second order concluding that the matter must be heard de novo and that no previous testimony should be considered on this appeal. A pretrial hearing was then scheduled for July 9, 1971. At the scheduled pretrial hearing it was concluded that certain matters should be preliminarily determined prior to the trial on the issues. The latter was scheduled for September 1st for time is of the essence in the determination of this matter.

The preliminary issues to which the parties were directed to submit briefs and have oral argument on August 3rd were the constitutionality of the ordinance, questions of burden of proof and the type of evidence which properly should be received. Argument was held and this opinion follows.

Hickory Township is a first class township. On or about March 17, 1965, it enacted the "Hickory Township Zoning Ordinance No. 7-65." This was an attempt at a comprehensive plan of zoning for the entire township and provided for a zoning hearing board. Section 66.22 of that ordinance provides for special exceptions. Guidelines are set out in the following language for the granting or denial of a special exception: "Assure itself that the proposed exception is consistent with the spirit, purpose or intent of the Zoning Ordinance;" and, ". . . will not substantially detract from the use

of adjoining property and require such provisions as may be necessary to afford adequate protection for such adjoining property, but keeping in mind at all times that such provision shall not be such as to entirely exclude a use permitted under the regulations applying to special exceptions." In addition, the board is to consider the effect of the proposed change upon, inter alia, fire protection.

On or about July 8, 1970, the Board of Commissioners of the Township enacted Ordinance No. 13.70, which is an amendment to the initial township zoning ordinance. This amendment dealt specifically with special uses permitted and referred specifically to fire department facilities stating as section 42.30, "Volunteer Fire Department facilities intended primarily for use in fire fighting activities and for the housing for fire fighting equipment and apparatus. Facilities may also include areas for social and other activities." It appears that the specific objection of appellants is not that fire fighting equipment will be installed in close proximity to their properties, but rather that a social hall will be connected therewith. They are concerned as to the consequences of such a use of the property.

I. *Constitutionality of the ordinance permitting a special exception for volunteer fire department facilities.*

The presumption of validity attaches to a zoning ordinance which imposes a burden to prove its invalidity upon the one who challenges it: Appeal of Gro, 440 Pa. 552, 269 A. 2d 876 (1970); Atria, Inc. v. Board of Adjustment of Mt. Lebanon Township, 438 Pa. 317, 264 A. 2d 609 (1970); National Land and Investment Company v. Easttown Township Board of Adjustment, 419 Pa. 504 (1965).

Although the burden is heavy to overcome the presumption of validity, it is maintainable and courts may

not make it so onerous as to foreclose for all practical purposes a landowner's opportunity for redress against infringement of a constitutionally protected right: Exton Quarries, Inc. v. Zoning Board of Adjustment of West Whiteland Township, 425 Pa. 43, 228 A. 2d 169 (1967).

The test for constitutional validity is stated in Atria, Inc. v. Board of Adjustment of Mt. Lebanon Township, supra, page 325:

"The question is not whether this particular decision of the Board bears a substantial relationship to the public safety and welfare (the public health and morals are not involved in this decision), but (1) whether the proposed use is violative of the ordinance, and (2) whether that ordinance bears a substantial relationship to the public safety or general welfare."

Clearly, the erection of the fire house and social hall is not violative of the ordinance. Whether the ordinance permitting the erection of fire houses and public halls bears a substantial relationship to the public safety or general welfare must await evidence. The burden of proving clearly and unmistakably the unconstitutionality of the ordinance is upon appellants.

By the Act of May 27, 1949, P. L. 1955, sec. 31, 53 PS §56517, a first class township is permitted to provide and maintain suitable places for the housing of engines, hose carts and other apparatus for the extinguishment of fires, but "No such building shall be erected or maintained without obtaining the assent of the electors thereof, expressed at an election to be held at the place, time, and under the same regulations as provided by law for the holding of municipal elections." This statute appellants contend has been subverted in spirit, if not in fact, by the township providing money to the volunteer firemen which thereby permits the volunteer firemen to use other funds

which might normally be used for operation expenses for the purchase of land and the erection of a fire house and social facilities. The volunteer firemen respond that the Act of May 27, 1949, P. L. 1955, sec. 31, 53 PS §56516, specifically authorizes first-class townships ". . . to appropriate money to fire companies for the operation and maintenance thereof and for the construction, repair and maintenance of fire company houses . . ." This, however, does not, in itself, answer the problem posed, for, although it is legal for the township to contribute such money, it is conceivable that it is illegal if by doing so it thereby denies the citizens a right to vote on the location of the fire house.

Wherefore, appellants must be given the opportunity to present such evidence as will support the proposition that the township has circumvented the requirement of a municipal election in the selection of the location of the fire house. This court is well aware of the great saving to the township by volunteers giving of their time and service to the fire department. It is also aware of the necessity of the volunteers to have proper facilities to raise necessary moneys to continue their operation. Therefore, there is a heavy burden upon appellants to convince this court that the ordinance does not bear a substantial relationship to the public safety or general welfare. However, the opportunity to produce such proof must be afforded.

In addition, appellants must be granted, and are hereby granted, the opportunity to produce evidence which would lead a court to the conclusion that the special exception does substantially detract from the use of the adjoining property as required by paragraph C of section 62.22 of the Hickory Township Zoning Ordinance. Testimony may also be offered as to the

effect of the proposed change upon the logical efficient and economic extension of fire protection in the township as a legitimate consideration pursuant to paragraph D of the above-mentioned ordinance dealing with special exceptions.

It is to be noted and considered by the parties in the presentation of their evidence that by section 4214 of the township zoning law social and recreational uses are permitted in the subject property. By section 4218, clubs and lodges, including dining rooms are permitted. Section 42.12 permits schools and section 42.13 churches. These sections will be considered in determining whether the granting of the special exception was proper in relation to increased usage of the existing roads and facilities for ingress and egress to the subject property.

II. *Burden of Proof.*

Although the burden of proof is clearly upon appellant on the issue of constitutionality of the ordinance, consideration is yet to be directed towards the burden of proof generally. That burden likewise is on the one who claims that the application for a special exemption is detrimental to health, safety, welfare and morals of the community: Appeal of Community College of Delaware County, 435 Pa. 264, 254 A. 2d 641 (1969); Lower Merion Township v. Enokay, Inc., 427 Pa. 128, 233 A. 2d 883 (1967).

Therefore, appellants in the case at bar, if they are to succeed on the independent contention of it being to the damage, health, safety and morals of the neighborhood, must supply sufficient evidence to convince the court of this contention. This is entirely independent of the constitutional issue previously discussed. What testimony is admissible on this question? Traffic increase of a sufficient character that it bears a substantial relation to the health and safety of the com-

munity is admissible: Archbishop O'Hara's Appeal, 389 Pa. 35, 131 A. 2d 587 (1957). However, traffic increase with its attendant noise, dirt, danger and hazard, although unpleasant, is one of the inevitable accomplishments of suburban progress and of our constantly expanding population which, standing alone, is not sufficient to refuse a property owner the legitimate use of his land: Rolling Green Golf Club Case, 374 Pa. 450, 97 A. 2d 523 (1953).

Neither aesthetic reasons nor the conservation of property values or the stabilization of economic values in a township are singly or combined sufficient to establish that the health or morals or safety or the general welfare of the township or its inhabitants or its property owners has been impaired: Appeal of Medinger, 377 Pa. 217, 104 A. 2d 118 (1954). Therefore, testimony of lowering economic values as a result of the proposed construction will not be admitted into evidence. Testimony as to the cost or reason for subsequent widening of streets or placement of side-walks or street lighting is not proper evidence for consideration in determining health, morals and safety of the community: Archbishop O'Hara's Appeal, supra, page 55. Testimony as to more appropriate locations in the township will be received and considered both on the constitutional issue and on whether the special exception should be affirmed. Testimony whether the fire station should have a social hall attached to it is desirable or necessary is inadmissible. It is conceivable that such testimony may be admissible, however, in determining if such a facility would damage the health, safety and morals of the neighborhood and whether in the overall plan of fire stations the economic benefit from such a hall assists the township in not building fire stations.

Wherefore, testimony will be received pursuant to the guidelines set forth above.

III. *Will this court consider the decision of the zoning board by determining whether there is a manifest abuse of discretion or as a de novo hearing?*

In view of the unfortunate circumstances in this case without a record to determine the testimony supporting the findings of fact of the zoning board, it is the opinion of this court that the matter must be determined de novo: Pyzdrowski et ux. v. Pittsburgh Board of Adjustment, 437 Pa. 481, 263 A. 2d 426 (1970).

Wherefore, the following order is entered.

### ORDER

And now, August 18, 1971, it is hereby ordered that at the scheduled hearing of September 1, 1971, testimony may be presented by the parties concerning the constitutionality of the ordinance. The burden of proof shall be upon appellants. A determination of the constitutionality of the ordinance will await the receipt of testimony. Appellants shall have the burden of proof on all other matters for which evidence may be received as previously detailed in the foregoing opinion. Testimony may be offered on all of the issues as more fully outlined in the foregoing opinion.