Pittsburgh *v.* The Ellis School, et al.

Argued February 24, 1972, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*M. C. McLean,* with him *J. N. Poffinberger, Jr.,* and *Kirkpatrick, Lockhart, Johnson & Hutchison,* for appellants.

*Eugene B. Strassburger, III,* Executive Assistant City Solicitor, for appellee.

OPINION BY JUDGE WILKINSON, March 28, 1972:

This was an action that was started by a complaint being filed by the City of Pittsburgh in the Housing Court of Pittsburgh against The Ellis School and the Chairman of its Board of Trustees for violation of the Zoning Ordinance, being Ordinance No. 192 of 1958, as amended and supplemented. The judgment of the Housing Court Magistrate held that the defendants were in violation of the Zoning Ordinance.

Appellants then took an appeal de novo under Section 3 of the Minor Judiciary Court Appeals Act, Act of December 2, 1968, P. L.     (No. 355), 42 P.S. §3003, to the Court of Common Pleas of Allegheny County, where the facts were stipulated and were substantially the facts as alleged in the complaint. The Court of Common Pleas of Allegheny County adjudged the appellants guilty and this appeal followed. We must affirm.

The appellants have confused the right of The Ellis School to construct the driveway here involved and the method it must use to exercise that right. The principal cases relied on by appellants to establish the right to construct this driveway, *Rolling Green Golf Club Case,* 374 Pa. 450, 97 A. 2d 523 (1953), *Young Men &*

596

*Women's Hebrew Association v. Monroeville Borough Council*, 429 Pa. 283, 240 A. 2d 469 (1968), and *Taged Incorporated, a Corporation and Thomas G. Zaimes, an Individual v. The Zoning Board of Adjustment of the Borough of Monroeville*, 2 Pa. Commonwealth Ct. 52, 276 A. 2d 845 (1971), were all appeals in cases that had their origin in actions initiated by applications to zoning authorities for permission to construct driveways, and were concluded by the Supreme Court and this Court directing the zoning authorities to grant permission. In the case before us, appellants assert that the right to construct the driveway is beyond the provisions of the Zoning Ordinance. We cannot agree.

The Ellis School is located in an "R-4" residential zone. Authority to construct and operate the School was secured as a conditional use by following the requirements of the Zoning Ordinance which, among other things, required the submission and approval of a site plan showing the details of the "land in relationship to its surroundings, including details of land, topography, landscaping and structures." To construct the driveway in question, The Ellis School acquired an adjoining lot into which Kentucky Avenue "dead ended."[1] The City takes the position that The Ellis School was in violation of the Zoning Ordinance in two respects, either of which would be sufficient to sustain the conviction. First, the City says that the altering of the driveway, removal of shrubbery, and removal of the fence constituted an alteration of the site plan as originally approved by City Council and requires ap-

[1] When the driveway was opened, the neighbors blocked the access with parked cars. The Ellis School sought injunctive relief in a case that went to the Supreme Court and was remanded for further proceedings. By agreement of the parties, that case, as well as the appellants' use of the driveway, await the disposition of this case. *See Ellis School v. Crawford*, 438 Pa. 107, 263 A. 2d 759 (1970).

proval under the Zoning Ordinance. Second, the extension of the driveway over the after-acquired adjoining lot constituted a use of that lot for school purposes which would require approval of City Council. The lower court agreed with both points. We find it necessary only to agree with the first.

The distinction is important, for the procedure to obtain approval should the School elect to seek approval to use the new driveway would be different. The Zoning Ordinance was amended in 1966 with Section 2801-2-A (25), wherein the Zoning Administrator was given authority to approve alterations in the site plan which would not require City Council action under Section 2801-1-C if the alteration did not affect student capacity. Certainly it was not successfully argued before this Court that the rerouting of internal traffic, removing shrubbery and removing a fence would affect student capacity. It seems to us the present alterations were just those envisioned to be within the purport of the amendment of 1966.

The City argued, and the lower court agreed, that extending the driveway over the after-acquired adjoining lot constituted the use of that lot for school purposes which would require City Council approval as a conditional use. We do not agree.

The lower court felt that *Atria, Inc. v. Mount Lebanon Township Board of Adjustment,* 438 Pa. 317, 264 A. 2d 609 (1970), was binding in this situation. We find that it is distinguishable on its facts and was not intended to apply in the present situation. In *Atria,* it was a private driveway in a residential district being used by the public to gain access to a parking lot serving business in a commercial district. Indeed, the Court itself in *Atria,* when it discussed *Prospect Park Borough v. McClaskey,* 151 Pa. Superior Ct. 467, 30 A. 2d 179 (1943), emphasized that in *Atria,* there was

a driveway in a residential zone for access to a commercial zone to serve a combination beer parlor, grocery store and restaurant, which would alter the character of the neighborhood, whereas in *Prospect Park*, the driveway was through a commercial zone to an industrial zone and would not alter the neighborhood. The present case is even stronger for this distinction, since it is all in one zone, i.e., R-4, and the use to which access is being obtained has been approved for this area.

This matter of joining the end of this dead end street with a private driveway has been in litigation since 1969. An equity action has been to the Supreme Court of Pennsylvania and is on remand. It would seem clear that The Ellis School must apply to the Zoning Administrator. Such an application could initiate another march down the long road to appellate review. The intransigent position of the neighbors who decry invasion of the "privacy" of their dead end street by its connection to a private driveway to a private school has been exceeded only by the arbitrary, if not capricious, position of The Ellis School that it can build the driveway without complying with the Zoning Ordinance. There is nothing new in observing that in family fights, lovers' quarrels, and neighborhood disputes, emotions run high, and the actual gravity of the issue in question frequently is blown all out of proportion to the realities of the matter. In all probability, it is as unreasonable to expect the residents of Kentucky Avenue to accept this as a routine change in a site plan as it is to expect a condemned man to engage dispassionately in a discussion of the merits of capital punishment. We are, therefore, constrained to point out that it is not the purpose of zoning laws to freeze the status quo but rather to insure the orderly development of a neighborhood so as to protect the health, safety and morals of the public and to preserve the

character of the neighborhood. Three times it has been determined by those responsible for zoning in Pittsburgh that schools such as The Ellis School are proper activities for this area: once when the Zoning Ordinance was adopted; once when Council approved the original application by The Ellis School in 1958; and once when its expansion was approved in 1963. Development, without expansion, of conditional use necessarily causes inconvenience in the neighborhood, especially with regard to traffic. These are the necessary implications of the original granting of the conditional use. *See Archbishop O'Hara's Appeal,* 389 Pa. 35, 131 A. 2d 587 (1957).

Judgment affirmed.