West Bradford Township and Jack Hines, Appellants *v.* Strasburg Associates et al., Appellees.

Argued December 15, 1982, before President Judge CRUMLISH, JR. and Judges ROGERS and MACPHAIL, sitting as a panel of three.

*Robert B. Surrick,* of counsel: *Levy & Surrick,* for appellants.

*John C. Snyder,* with him *Stephen Raslavich,* of counsel: *Lentz, Riley, Cantor, Kilgore & Massey, Ltd.,* for appellees.

OPINION BY JUDGE MACPHAIL, March 17, 1983:

Although this appeal arises from a somewhat complicated back-ground well summarized in the decision of the trial judge, the very narrow issue presented to us is whether the trial judge's order granting a preliminary injunction should be upheld.

Strasburg Associates (Strasburg) operates a landfill in Newlin Township on land abutting the Newlin Township-West Bradford Township boundary. To provide access to its landfill, Strasburg purchased a

tract of real estate in West Bradford Township (Township) located in an R-1 Residential Zoning District. For reasons not relevant to this appeal, the Township filed complaints against Strasburg before a district justice alleging that Strasburg was violating the Township's zoning ordinance. The trial court upheld those complaints.

The Township then notified Strasburg's customers that it would cite them *as being in violation of the township's zoning ordinance* if they utilized the access road to the landfill. Strasburg and its customers brought suit in equity to enjoin the Township from issuing such citations. They requested both preliminary and permanent injunctions. After a hearing, the trial court denied Strasburg's application for a preliminary injunction but granted that relief to Strasburg's customers. It is the latter decision which is the gravamen of the instant appeal.

> [O]n an appeal from a decree which refuses, grants or continues a preliminary injunction, we will look only to see if there were any apparently reasonable grounds for the action of the court below, and we will not further consider the merits of the case or pass upon the reasons for or against such action, unless it is plain that no such grounds existed or that the rules of law relied on are palpably wrong or clearly inapplicable. . . . (Citations omitted.)

*Lindenfelser v. Lindenfelser,* 385 Pa. 342, 343-44, 123 A.2d 626, 627 (1956).

Our review of the record of this case convinces us that the trial judge had reasonable grounds for the issuance of a preliminary injunction and the rules of law he relied upon were clearly applicable to the circumstances of this case. In particular, we agree with the trial judge that *Atria, Inc. v. Mt. Lebanon Township Board of Adjustment,* 438 Pa. 317, 264 A.2d 609

(1970) does not stand for the proposition that a municipality may use its zoning power to regulate traffic; rather, that authority is derived from its police power.

We, accordingly, will affirm the order of the trial court on the able opinion of the trial judge, Honorable LEONARD SUGERMAN, *Strasburg Associates v. West Bradford Township,* Pa. D & C.3rd (1981).

### ORDER

The order of the Court of Common Pleas of Chester County entered August 3, 1981 is affirmed.