Strasburg Associates I and Strasburg Associates II, Appellants *v.* West Bradford Township, Appellee.

Argued December 15, 1982, before Judges ROGERS, CRAIG and MACPHAIL. Reargued April 7, 1983, before Judges BLATT, CRAIG and DOYLE, sitting as a panel of three.

*Thomas A. Riley, Jr.,* with him *John C. Snyder, Lentz, Riley, Cantor, Kilgore & Massey, Ltd.,* for appellants.

*Robert B. Surrick, Levy & Surrick,* for appellee.

OPINION BY JUDGE DOYLE, September 14, 1983:

This is an appeal from an order of the Chester County Court of Common Pleas which found Appellants guilty of violating the West Bradford Township Zoning Ordinance. We reverse.

Appellants, Strasburg I Associates and Strasburg II Associates, are the owners of a tract of land located in both Newlin Township and West Bradford Township, Chester County. Appellants operate a sanitary landfill on the Newlin Township portion of their tract. The West Bradford Township portion, consisting of seventy-five acres, is zoned R-1 residential and cannot be used for landfill.

In 1976 Appellants attempted to construct a driveway through the West Bradford portion of their tract to access the Newlin Township landfill. On October 14, 1976 West Bradford Township issued a cease and desist order against this construction. This order was upheld by the West Bradford Township Zoning Hearing Board, and the matter was then appealed to the Chester County Court of Common Pleas.

While that appeal was pending, the Appellants submitted a subdivision plan to West Bradford Township under which a private road would be constructed through the seventy-five acre West Bradford portion of their tract, dividing the tract into two residential sections. The private road was to run from the adjoining public highway to the Newlin Township border, thus giving access to the Appellants' adjacent landfill. On April 12, 1977 West Bradford Township approved this subdivision plan. Concurrent with the approval, Appellants and West Bradford Township entered into a subdivision agreement under which Appellants agreed to certain concessions, including withdrawal of their zoning appeal pending before the court of common pleas, in exchange for township approval of their subdivision plan.

Appellants constructed the private road, and in 1979 began their landfill operation, using the road as an access route. Soon thereafter West Bradford Township filed a complaint in equity, seeking to enjoin Appellants' landfill operation on the basis of their failure to abide by the terms of the subdivision agreement.[1] The Chester County Court of Common Pleas denied a request for preliminary injunction, and the complaint was later withdrawn.[2]

On September 11, 1979 the West Bradford Township zoning officer cited the Appellants for using their private road for commercial purposes within an R-1 zoning district which prohibits such commercial use. After a finding of not guilty by the District Court, the Chester County Court of Common Pleas held a hearing de novo on November 11, 1979. On April 21, 1980 the court found the Appellants guilty of violating the zoning ordinance and issued a $100 fine. Appellants appeal from the court's order of November 25, 1980 denying Appellants' exceptions to the adjudication of guilt.[3]

The issue raised on appeal is whether a private road is subject to the use restrictions of the residential

---

[1] Under paragraph 5(b) of the Subdivision Agreement, Appellants were required to include in any contract with their customers a provision limiting the operation of the customer's trucks to certain township roads. The alleged breach occurred when certain customers who were not under any written contract with Appellant used township roads not specified in the agreement.

[2] Appellants' counterclaim to this equity action, requesting that the agreement be held void due to lack of consideration, duress, and illegality, is still pending.

[3] Since the date of the court of common pleas' final order on the zoning citation, the West Bradford Township Board of Supervisors has met and adopted a resolution revoking Appellants' subdivision plan approval. Appellants appealed the revocation to the Chester County Court of Common Pleas, where the matter is pending.

zoning district in which it is located. The private road in question is considered a street for purposes of the West Bradford Township Zoning Ordinance (Ordinance) which defines a street to include both public and private roads.[4] The Ordinance obviously contemplates that such streets will be included in every district, as restrictions such as set-back and lot size are defined in relation to streets. Nowhere in the zoning ordinance, however, are streets themselves regulated as to their use. In the R-1 zoning district, in which Appellants' street is located, the Ordinance fails to specifically list "streets" among any of the permitted uses for that district.[5] Moreover, each of the permitted uses is required to have a minimum "lot area,"[6] which by definition does not include the right of way of a street.[7] From these facts we are led to conclude that the zoning ordinance does not regulate the use of streets, and that the use restrictions applicable to various zoning districts do not apply to the use of streets therein.

West Bradford Township argues that the holding in *Atria, Inc. v. Mount Lebanon Township Board of Adjustment,* 438 Pa. 317, 264 A.2d 609 (1970), controls in this situation. In *Atria,* it was held that a driveway located on a lot zoned for residential purposes could not be used as a means of access for an adjoining com-

---

[4] Section 201 of the West Bradford Township Zoning Ordinance of 1977 contains the following definition of "street":

Includes street, avenue, boulevard, road, highway, freeway, parkway, lane, alley, viaduct and any other ways used or intended to be used by vehicular traffic or pedestrians *whether public or private.* (Emphasis added.)

[5] Section 401.2 of the Ordinance.

[6] Section 401.3 of the Ordinance.

[7] Section 201 of the Ordinance defines "lot area" as "[t]he area of land included within the title lines of a lot *except that area within the title lines set aside as right of way for a street.*" (Emphasis added.)

mercial parking lot. We find this holding inapplicable to the present facts. The Appellants' private road is not a driveway located on a lot, as was the case in *Atria*. Rather, it is an approved street existing outside of any residential lot.[8] Unlike a driveway, the private road is not an accessory use of a lot nor can it be regulated as such.

Finally, West Bradford Township argues that the private road is a driveway because Appellants have abandoned whatever rights they had under the subdivision plan by their alleged breach and renunciation of the separate subdivision agreement. The dispute concerning the subdivision agreement and its relationship to the subdivision approval has been the subject of related litigation, some of which is still pending.[9] We need not reach the issue here, however, for a review of the record reveals that at the time of the zoning citation, an approved and recorded subdivision plan was in existence. No official action had been taken to deny or otherwise invalidate Appellants' right to proceed with the subdivision.[10] Therefore, whatever the rights or obligations under the subdivision agreement, the fact remains that a zoning citation was issued against the use of a private road which, as an approved street, was not properly the subject of zoning regulations under the Ordinance.

---

[8] A review of the approved subdivision plan can lead to no other conclusion. The private road is laid out with a proposed right of way. The two lots abutting the road do not include the road within their boundaries, but rather acknowledge the road as a street by listing a street set-back requirement in relation to it.

[9] *See* notes 2 and 3 and accompanying text, *supra*.

[10] We note that procedures exist to regulate subdivision approval and secure proper compliance with subdivision conditions under Article V of the Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §§10501-515. There is no evidence that West Bradford Township had pursued any of these procedures at the time the citation was issued.

For these reasons we find that the Appellants were not guilty of a zoning violation, and accordingly reverse the order of the Court of Common Pleas.

### ORDER

Now, September 14, 1983, the order of the Court of Common Pleas of Chester County in the above referenced matter, dated November 25, 1980, is hereby reversed.