## Commonwealth v. Russel

*Ralph C. Warman,* for the commonwealth.
*Patrick J. Rega,* for defendant.

FRANKS, *J.,* February 3, 1986 — The instant case comes before us on the appeal of the commonwealth of Pennsylvania and Washington Township which found defendant innocent of a summary charge of violating a township ordinance. On November 20, 1985, we found against the commonwealth and the township. This opinion is in support of that order.

## STATEMENT OF FACTS

Defendant was prosecuted by Washington Township for violation of ordinance 207 §401(c) which provides, "A zoning ordinance shall be obtained before any person may: . . . (c) Change the use of a structure or land to a different use; . . . ." The parties stipulated that the facts which gave rise to the above charges are these: Defendant parked his tractor trailer on the berm of the road in front of his property. The commonwealth and township aver that section 401(c) reaches to the berm of the road. Defendant contends that section 401(c) is confined to the property line of his lot. We further note that the township does not have a parking ordinance per se.

## DISCUSSION

Defendant is charged with violating the township ordinance which required that he obtain a zoning permit before "changing the use of a structure or land to a different use." The parties have stipulated that the alleged violation was defendant's parking of his tractor trailer on the berm of the road in front of his home. In their memorandum, the commonwealth and the township focus on the issue of whether the parking of such a vehicle changes the use of lot from residential to commercial.

While the commonwealth and the township may be correct in their assertion we believe the issue before us is of a far more fundamental nature. The crux of the matter before us is whether a zoning ordinance intended to control the use and development of land extends beyond the residential lot and controls the right-of-way of the street. We hold that it does not for the following reasons.

## ORDINANCE INTERPRETATION

In *Strasburg Associates I and Strasburg Associates II v. West Bradford Township,* 77 Pa. Commw. 166, 465 A.2d 124 (1983) the court faced a similar question. In that case, the township attempted to prosecute the owners of a sanitary landfill for the use of a private road for commercial purposes through a residential district. The private road, by definition, was a street within the meaning of the West Bedford Township ordinance. 77 Pa. Commw. at 169, 465 A.2d at 126. Further, "Nowhere in the zoning ordinance . . . [were] streets themselves regulated as to use." Id. The definition of the minimum lot area did not include the right-of-way of a street. Id.

As in *Strasburg,* the ordinance before us presents no regulation of streets. Further, the definition of the minimum area of lots specifically excludes "the right of way of any public thoroughfare." Section 708.18. References to parking are specifically limited to the "off-street" variety.

In overturning the lower court's finding against defendant, the *Strasburg* court stated:

"From the facts we are led to conclude that the zoning ordinance does not regulate the use of streets, and that the use restrictions applicable to various zoning districts do not apply to the use of streets therein. 77 Pa. Commw. at 169, 465, A.2d at 126.

We also find the ordinance herein inapplicable to the right-of-way of the street.

## POWER TO REGULATE STREETS

We further note that the municipality is limited by the enabling statute enacted by the Legislature. In the case of traffic or parking regulations, the mu-

nicipality receives its authority by the Vehicle Code, 75 Pa.C.S. §3353(d), which states:

"The department on state-designated highways and local authorities on any highway within their boundaries may by erection of official traffic control devices prohibit, limit or restrict, stopping, standing or parking of vehicles on any highway where engineering and traffic studies indicate that stopping, standing or parking would constitute a safety hazard or where the stopping, standing or parking of vehicles would unduly interfere with the free movement of traffic."

We fail to see how section 401(c) could in any way comply with section 3353(d) of the Vehicle Code. There does not appear anywhere in the statute an indication that engineering or traffic studies were done. We find no relation between the "change of use" and the prevention of traffic hazards or obstruction. Finally, we find nothing which indicates the posting of official traffic control devices, i.e. signs by the township, 75 Pa.C.S. §102. Even if it were possible to interpret section 401(c) as applicable to the street in front of defendant's house, we would be compelled to find that the township exceeded the grant of power under 75 Pa.C.S. §3353(d).