551 A.2d 634

Mine Safety Appliances Company *v.* Marshall Township Board of Supervisors.

Alfred M. Tarquinio, Alexander McAliley, Burton C. Duerring *v.* Marshall Township Zoning Hearing Board. Alfred M. Tarquinio, Alexander McAliley and Burton C. Duerring, Appellants.

Marshall Township Board of Supervisors, Appellant *v.* Mine Safety Appliances Company, Appellee.

Argued October 6, 1988, before Judges CRAIG and McGINLEY, and Senior Judge NARICK, sitting as a panel of three.

*Arthur J. Leonard*, with him, *Thomas V. Gebler, Jr., Robb, Leonard & Mulvihill*, for appellant, Marshall Township Board of Supervisors.

*Burton C. Duerring*, for appellants, Alfred M. Tarquinio, et al.

*Richard T. Wentley*, with him, *Charles L. Albright, Jr., Reed, Smith, Shaw & McClay*, for appellee, Mine Safety Appliances Company.

OPINION BY JUDGE CRAIG, December 14, 1988:

The issue is whether a private driveway in a district zoned rural residential may be used to serve an industrial use in a district of an adjacent municipality where the industrial use is allowed and exists. On the basis of *Atria, Inc. v. Board of Adjustment of Mount Lebanon Township*, 438 Pa. 317, 264 A.2d 609 (1970), we conclude that private road access to an industrial use facility is not allowed over a lot in a residential district.

This is an appeal from a decision of the Allegheny County Court of Common Pleas which, relying on *Strasburg Associates I v. West Bradford Township*, 77 Pa. Commonwealth Ct. 166, 465 A.2d 124 (1983), affirmed a decision of the Marshall Township Zoning

Hearing Board which had approved a proposal of Mine Safety Appliances Company (MSA) to construct a private roadway across its property located in a district zoned rural residential by Marshall Township.

MSA is the owner of two contiguous parcels of land, one located in the Marshall Township residential district, and the second in Cranberry Township, where MSA operates a research and instrument assembly facility allowable under Cranberry's zoning. MSA desires to construct a private roadway, as a second means of access to its facility, through its Marshall Township property. MSA proposes the driveway only for use by its employees during morning and afternoon commuting hours.

The Pennsylvania Department of Transportation approved the location of the private roadway's entry to the state highway. Afterwards, the Marshall Township Board of Supervisors notified MSA of the necessity to submit a "development plan" to the Marshall Township Planning Commission to obtain approval under the Marshall Township Zoning Ordinance (ordinance). The commission denied approval of the plan which MSA submitted. On October 2, 1985, the township supervisors affirmed the commission's decision.

MSA appealed to the Court of Common Pleas of Allegheny County. MSA took the position that the township supervisors wrongfully required the filing of the development plan, and then improperly denied permission to proceed. The township solicitor filed a motion to quash MSA's appeal for failure to appeal to the zoning hearing board within thirty days of notice of the township supervisors' decision, the time limit stated in section 1006(2) of the Pennsylvania Municipalities Planning Code.[1]

---

[1] Section 1006 of the Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §101006(2).

On February 19, 1986, the trial court remanded the case to the zoning hearing board for an evidentiary hearing. The zoning hearing board concluded, in part, that:

1. [I]t has jurisdiction to hear the matter. . . .

2. The opening of the proposed private road would . . . affect the health and safety of the community in an adverse manner.

3. MSA's proposed roadway would be injurious to the health, safety and general welfare of Marshall Township.

4. [T]he Marshall Township Zoning Ordinance does not require approval of a development plan for a proposed private roadway.

5. The Marshall Township Zoning Ordinance does not regulate the use of a private roadway.

. . .

6. No development plan, or approval thereof, is required for MSA's proposed roadway.

7. The Board of Supervisors erred in failing to approve MSA's development plan for its proposed private roadway.

The board therefore decided in favor of MSA, allowing the driveway.

The township supervisors then appealed the zoning hearing board's decision to the Court of Common Pleas of Allegheny County. Three landowners intervened on the side of the township.

On November 18, 1987, the trial court, having taken no additional evidence, disagreed with the board's conclusion (actually a finding) as to the injurious nature of the road, but affirmed the board's decision allowing MSA to proceed with construction of the road. The township supervisors and adjoining landowners now appeal that decision to this court.

In dealing with private road or driveway use in relation to zoning, our decisions have turned upon, first, whether the private way was (a) merely a driveway within a lot subject to the zoning, *Atria,* or (b) constituted a private road outside the boundaries of any lot, *Strasburg.* Secondly, with respect to roads or driveways within the boundaries of a lot, the decisions have been concerned with the disparity, if any, between the allowable uses of the lot and the uses to be served by the driveway.

The facts indicate that MSA's proposed road is entirely within the boundaries of the rural residential zoned lot in Marshall Township. There has been no approval under subdivision regulations or any other municipal action to put MSA's road outside of lot boundaries. Furthermore, because the purpose of MSA's proposed road is to serve the industrial facility, its use is not related to the allowable uses of the residentially zoned district.

MSA contends that this Court's holding in *Strasburg* should be followed. The facts in *Strasburg* indicate that Strasburg Associates sought to construct a driveway through a zoned residential district in West Bradford Township to provide access to a sanitary landfill located in Newlin Township. However, as previously noted, Strasburg Associates submitted a subdivision plan to West Bradford Township. The township approved the plan.

In finding *Atria* inapplicable, the *Strasburg* court distinguished the proposed road in question as "an approved street existing outside of any residential lot. Unlike a driveway, the private road is not an accessory use of a lot nor can it be regulated as such." *Strasburg,* 77 Pa. Commonwealth Ct. at 170, 465 A.2d at 126. However, here MSA's proposed road does exist on a residen-

tial lot, and can, therefore, be construed as an accessory to a commercial use which can be regulated.

The Supreme Court's decision in *Atria* constitutes the relevant precedent. In *Atria*, a party proposed to use a private driveway located on a lot zoned residential as a means of access to a parking lot which served a restaurant-beer parlor located in an area zoned for neighborhood shopping. The court, holding that the proposed use was a commercial one and thus not permitted under the relevant ordinance, stated that "[i]t would be closing our eyes to reality to hold that a driveway giving access to a parking lot serving a beer parlor and a restaurant was not a commercial use of the land." *Atria*, 438 Pa. at 324, 264 A.2d at 612.

The case before us contains circumstances similar to those in *Atria*. MSA is attempting to use property, in a residential district, to construct a driveway which would serve no purpose other than to provide additional means of ingress and regress for persons employed at the industrial site. Because MSA's driveway would benefit an industrial purpose, it would be violative of the Marshall Township Zoning Ordinance.

Additionally, MSA contends that *Atria* does not govern because the *Atria* facts included an approved site plan for accessory off-street parking. The Mount Lebanon Township Commissioners approved that plan on the condition that access to the parking area be only by a route which crossed the specific property. Although the trial court found *Atria* to be unique in that it involved a previous condition, a review of the *Atria* holding reveals that the Supreme Court did not consider the conditional site approval to have any bearing on the outcome.

*Rolling Green Golf Club Case*, 374 Pa. 450, 97 A.2d 523 (1953), is also not applicable because it involved a landowner's construction of an auxiliary driveway on

country club property used for a permitted use. The case did not involve any disparity between the purpose of the road and use of the land it traversed.

In light of our determination that the proposed driveway cannot be constructed because it would serve an industrial purpose in a zoned residential district, we need not resolve the issue of whether the road would be injurious to the health, safety, and welfare of the community.

An alternative position of the township has been that MSA should have appealed initially to the zoning hearing board rather than directly to court. However, in view of our resolution of the case, there is no need to pursue that alternative question.

Accordingly, we reverse the decision of the trial court and hold that MSA may not construct a private road, on property zoned residential, to facilitate its industrial purpose. However, our analysis of this case does not relate to, or govern, the question of whether MSA might have been entitled to create a private road, not included within a zoning lot, if that were done in compliance with the subdivision regulations of Marshall Township. *See Strasburg.*

## ORDER

NOW, December 14, 1988, the order of the Court of Common Pleas of Allegheny County, dated November 18, 1987, is reversed.