SPRINT SPECTRUM, L.P.,

v.

ZONING HEARING BOARD OF THE TOWNSHIP OF NORTH WHITE-HALL, Township of North Whitehall and John J. McDonald and Lisa J. McDonald and Michael H. Hausman and Sandra M. Hausman, individually,

Appeal: Township of North Whitehall.

Commonwealth Court of Pennsylvania.

Argued April 2, 2003.
Decided May 7, 2003.

Lisa A. Young, Orefield, for Appellant.

Joseph Maher, Allentown, for appellees.

Catherine E. Durso, Center Valley, for appellee, Sprint Spectrum, L.P.

BEFORE: LEADBETTER, Judge, COHN, Judge (P.) and McCLOSKEY, Senior Judge.

Opinion by Judge COHN.

The Township of North Whitehall (Township) appeals the order of the Court of Common Pleas of Lehigh County, which reversed the decision of the Zoning Hearing Board (Board) of the Township. We affirm.

The relevant facts of the case are as follows. Sprint Spectrum, L.P. (Sprint) leased a 50 by 50 foot plot of land with the intention of erecting a communications tower. The parcel, part of a 50–acre farm, is located in Heidelberg Township, zoned agricultural, and has been farmed for the last 40 years. Heidelberg Township granted a variance for the building of the facility, which consists of a tower (100 to 150 foot monopole), and some cabinets containing equipment, all enclosed by a fence surrounding the 50 by 50 foot area. Access to the tower facility requires Sprint to use an already existing driveway, formerly used to gain entry to the farmland. The driveway passes over land situated in North Whitehall Township and crosses over into Heidelberg Township. Sprint plans to gravel the driveway, creating a 12–foot wide swath, so that the facility can be accessed approximately one time per month by a single sport utility vehicle (SUV) for maintenance.

On June 14, 2001, Sprint filed an application with the Township to construct the driveway. On June 26, 2002, the Zoning Officer informed Sprint, by letter, that the requested driveway was not a permitted use in the district in which it was proposed to be located and, therefore, returned the application. Sprint appealed this decision to the Board, which, following nine hearings, denied both a permit for the driveway, as well as variances from Sections 809 and 801.B of the Zoning Ordinance. Sprint appealed the Board's decision to the Court of Common Pleas of Lehigh County (trial court). The trial court reversed, stating that the proposed use of the property by Sprint was not proscribed by the Zoning Ordinance in either Section 809 or 801.B. Regarding Section 809, the trial court stated that Sprint's proposed use did not come under the definition of "driveway" as set forth in the Ordinance. Regarding Section 801.B, the trial court also concluded that the proposed use was accessory to the principal use of the property and not in and of itself a principal use. This appeal followed.[1]

1. In a case where the common pleas court took no additional evidence, our scope of review is limited to determining whether the zoning hearing board committed an error of law or manifestly abused its discretion. *Crown Communications v. Zoning Hearing*

The Township presents the following issues for our review: (1) whether the trial court erred in determining that Section 809 of the Ordinance does not proscribe Sprint's proposed use of the driveway, and (2) whether the trial court erred in determining that the driveway was an accessory use pursuant to Section 801.B of the Ordinance and not a principal use. We will address each issue seriatim.

### Section 809 Issue

■ Section 809 of the Zoning Ordinance states:

*INDUSTRIAL AND COMMERCIAL DRIVEWAYS.* A private driveway or accessway serving a principal commercial or industrial use shall not be a permitted use in a residential district that does not permit such use. This restriction shall not apply to public streets or a driveway or accessway that will be clearly limited to use by only emergency vehicles.

In reaching its decision, the trial court relied on the definitions of "driveway" and "access drive or accessway" found in Section 202 of the Zoning Ordinance.

*Driveway.* A privately owned, constructed, and maintained vehicular access from a street to 1 or 2 principal buildings or their accessory buildings, and which does not meet the definition of a street or an alley.

*Access Drive or Accessway.* A type of "driveway" that serves 2 or more dwelling units or 2 or more principal commercial, institutional or industrial uses.

The Board, however, in making its determination, concluded that the proposed use as presented by Sprint did not fall within the definitions of driveway or access drive or accessway. Consequently, it determined that, pursuant to Section 201.G of the Zoning Ordinance, it could rely on a standard dictionary definition. Section 201.G of the Zoning Ordinance provides:

*GENERAL INTERPRETATION.* For the purposes of this Ordinance, words and terms used herein shall be interpreted as follows:

\* \* \*

G. Any word or term not defined in this Ordinance or in the Township Subdivision and Land Development Ordinance, as amended, shall have its plain and ordinary meaning within the context of the Section. A standard reference dictionary should be consulted.

The Board consulted *Webster's Seventh New Collegiate Dictionary,* 1963 Edition, for the definitions of "driveway" and "access." "Driveway" was defined as "a private road giving access from a public way to a building on abutting grounds," (Board Decision at 29) and "access" was defined as "2.a. Permission, liberty, or ability to enter, approach, communicate with, or pass to and from or to make use of. 2.b. a way or means of approach." *Id.* at 30. The Board concluded that the dictionary definitions apply in the case *sub judice* and, consequently, subject Sprint to the requirements of Section 809.

The trial court disagreed and relied on the definitions set forth in the Zoning Ordinance. In his well-reasoned opinion, the Honorable Edward D. Reibman stated:

As is obvious from the language of the Ordinance, § 809 only applies to driveways and accessways. All parties agree

Board, 550 Pa. 266, 705 A.2d 427 (1997). The Board's findings of fact must be supported by "substantial evidence," which has been defined as such relevant evidence as reasonable minds might accept as adequate to support a conclusion. *Valley View Civic Association v. Zoning Board of Adjustment,* 501 Pa. 550, 462 A.2d 637 (1983).

that Sprint's tower, lacking the 50 cubic feet under one roof, does not constitute a "building." It follows, therefore, that because there is no building, there can be no driveway or accessway the former being a necessary precondition for the latter. [Sprint's] argument that no driveway or accessway under § 809 is in issue comports well with the language of the Ordinance. And because the legislative body has spoken specifically, its choice of definition controls. The Board is not free to superimpose its own definition to achieve a result it may happen to desire. Consequently, because in this instance the passageway on the property is neither a driveway nor accessway under the expressly provided definition, § 809 does not apply.

Although the Board counters that it may instead employ a dictionary to flesh out the meaning of "driveway" to bring the pathway within the ambit of § 809, it fails to address adequately how one may resort to the dictionary when the ordinance itself includes precise definitions. See § 201.G (It is only where a definition is not provided that plain meaning obtains). Thus, while the Board concluded Sprint's contention that the specific definitions control "defies logic," it is the Board's position that the Ordinance's express definitions may be cast aside in favor of those found in the dictionary which is simply untenable.

(Trial Court Opinion at 6–7.) We agree with the trial court that the Township cannot circumvent its own definitions in order to achieve the result it wants. The fact that the Township failed to anticipate such a proposed use when adopting the Zoning Ordinance is of no moment; therefore, it is bound by the definitions set forth therein. Consequently, we conclude the trial court did not err.

*Section 801.B   Issue*

■ The Township also argues that the trial court erred in determining that the proposed use is not prohibited. Specifically, it asserts that the trial court erred in determining that Section 801.B of the Zoning Ordinance does not prohibit the proposed use. We disagree.

Section 801.B states:

*More than 1 Principal Use on a Lot.* A maximum of one *type* of principal use is permitted per lot, except: a) as permitted within a "shopping center", b) if special exception approval is granted for 2 or more principal uses on a lot within a commercial or industrial district or c) if specifically stated as permitted by a provision of this Ordinance.

The Board concluded that two principal uses exist on the property: agricultural and "a driveway to be used to support a communications facility." (Board Opinion at 41.) The trial court disagreed and stated that, based on the definitions in the Zoning Ordinance of "principal use" and "accessory use," the proposed driveway is an accessory use. Principal use is defined by the Zoning Ordinance as a "dominant use(s) or main use on a lot, as opposed to an accessory use." (Section 202 of the Zoning Ordinance.) An accessory use is defined as "a use customary, incidental and subordinate to the principal use or building and located on the same lot with such principal use." (Section 202 of the Zoning Ordinance.) The trial court stated:

The proposed gravel pathway is, without question, incidental and subservient to the principal use of the land as a situs for a communications tower. As [Sprint] argue[s], were the road to be used as a commercial parking lot or a race track of some sort, then the passageway might amount to a principal use. For, in such a scenario, conveyance or access would not be the primary

purpose; instead, the permanent placement or continuous use of vehicles on the land would be. That, however, is not the situation existing here. All sides concede that the proposed use is as a conduit to access a facility on land in an adjacent township.

(Trial Court Opinion at 8.) As a result, the trial court correctly concluded that Section 801.B did not prohibit Sprint's proposed use. Based on the above definitions, we, too, agree with the trial court's reasoning that the driveway would be an accessory use. The principal use of the land located in the Township is agricultural and the driveway has been used as a means to access that parcel of land for over 40 years.

The Township argues that both *Atria, Inc. v. Board of Adjustment of Mt. Lebanon Township,* 438 Pa. 317, 264 A.2d 609 (1970), and *Mine Safety Appliances Co. v. Marshall Township Board of Supervisors,* 122 Pa.Cmwlth. 122, 551 A.2d 634 (1988), *petition for allowance of appeal denied,* 522 Pa. 591, 561 A.2d 743 (1989), which involved residential driveways, support its position. In *Atria,* the driveway was located in a residential zone and was an accessory use to the commercial facility, which was located in an adjacent commercial zone. In that case, the Supreme Court determined that a driveway must be considered with the use it serves. It reasoned that the use of the private driveway by 75 to 100 cars per day would change the character of the residential district so severely that, although an accessory use, the driveway's connection to the commercial facility would make it prohibitive under the zoning ordinance.

In *Mine Safety,* we addressed the issue of whether a private driveway in a district zoned rural residential may be used to serve an industrial use in a district of an adjacent municipality, where the industrial use is allowed and exists. Mine Safety was the owner of two contiguous parcels of land, each located in a separate municipality. It operated a research and instrument assembly facility on property zoned commercial. The company wanted to construct a second means of access to the facility on the property zoned residential for use by its employees during the morning and afternoon commuting hours. This Court, relying on *Atria,* concluded that such a use of residential property was prohibited because it "would serve no purpose other than to provide additional means of ingress and regress [sic] for persons employed at the industrial site. Because [Mine Safety]'s driveway would benefit an industrial purpose, it would be violative of the ... [t]ownship Zoning Ordinance." *Mine Safety,* 551 A.2d at 636. The Court, in particular, focused on the "disparity, if any, between the allowable uses of the lot and the uses to be served by the driveway." *Id.* at 635.

Although both *Atria* and *Mine Safety* are instructive, we find the case *sub judice* to be distinguishable. First, in both *Atria* and *Mine Safety,* the proposed driveways were for use by a large number of vehicles each day which changed the character of the residential zone. In the present case, the evidence shows that the driveway will be used once a month by a Sprint employee driving an SUV to perform an inspection of the communications tower. This use will not change the character of the residential district. Second, farm vehicles are permitted, as of right, in the district. The proposed use by one SUV per month is less intrusive than the permitted use by farm vehicles to access the property for farming purposes.

Next, the Township argues that the trial court erred when it determined that the Board was without authority to require permits or variances for Sprint's proposed

use. Because we have determined that Sections 809 and 801.B do not apply to Sprint's proposed use of the property, we agree with the trial court that the Board was without authority to require a permit or variances.

Accordingly, the order of the trial court is affirmed.

### ORDER

NOW, May 7, 2003, the order of the Court of Common Pleas of Lehigh County in the above-captioned matter is hereby affirmed.